**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF KIRBY INLAND MARINE, LP AND KIRBY CORPORATION IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY** | §<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 3:26-cv-0234**<br><br>**RULE 9(h) ADMIRALTY**<br>**NON-JURY** |

**KIRBY INLAND MARINE, LP AND KIRBY CORPORATION'S ANSWER TO CLAIM OF TYRONE ROBINSON**

**NOW INTO COURT,** through undersigned counsel, comes KIRBY INLAND MARINE, LP AND KIRBY CORPORATION (collectively "Kirby" or "Limitation Petitioners"), and files their Answer and Affirmative Defenses to Claimant Tyrone Robinson's Claim (Doc. No. 11, Section III) and would respectfully show as follows:

**I.**

Claimant Tyrone Robinson's ("Robinson") Claim fails to state a claim or right upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

**II.**

And now, in response to the specific allegations of Claimant Tyrone Robinson's Claim (Doc. No. 11, Section III), Limitation Petitioner avers as follows:

1. As to Section III, Paragraph 1 of Robinson's Claim, Limitation Petitioners deny the allegations set forth therein.

2. As to Section III, Paragraph 2 of Robinson's Claim, Limitation Petitioners admit that on or about January 16, 2026, Robinson, was a Jones Act seaman employed by Kirby Inland Marine, LP and was assigned to the M/V DELOS CASE. Limitation

Petitioners admit that, at all relevant times, Robinson was a member of the crew and was contributing to the mission of the M/V DELOS CASE and the M/V DELOS CASE was a vessel in navigation upon navigable waters on or near the Mississippi River. All other allegations contained in Section III, Paragraph 2 of Robinson's claim are denied.

3. As to Section III, Paragraph 3 of Robinson's Claim, Limitation Petitioners admit that Kirby Corporation is the parent corporation and Kirby Inland Marine, LP is the owner of the M/V DELOS CASE. All other allegations contained in Section III, Paragraph 3 of Robinson's claim are denied.

4. Section III, Paragraph 4 of Robinson's Claim consists of legal conclusions to which no answer is required. To the extent that an answer is required, Limitation Petitioners deny the allegations as set forth in Section III, Paragraph 4 of Robinson's Claim.

5. As to Section III, Paragraph 5 of Robinson's Claim, Limitation Petitioners admit the allegations set forth therein.

6. As to Section III, Paragraph 6 of Robinson's Claim, Limitation Petitioners admit the alleged incident occurred on navigable waters on or near the Mississippi River. All other allegations contained in Section III, Paragraph 6 of Robinson's Claim are denied.

7. As to Section III, Paragraph 7 of Robinson's Claim, Limitation Petitioners deny the allegations set forth therein.

8. As to Section III, Paragraph 8 of Robinson's Claim, Limitation Petitioners admit that on or about January 16, 2026, Robinson, was a Jones Act seaman employed by

Kirby Inland Marine, LP. All other allegations contained in Section III, Paragraph 8 of Robinson's claim are denied.

9. As to Section III, Paragraph 9 of Robinson's Claim, Limitation Petitioners deny the allegations set forth therein.

10. As to Section III, Paragraph 10 of Robinson's Claim, Limitation Petitioners are without knowledge or information sufficient to form a belief as to the allegations and therefore deny the same.

11. As to Section III, Paragraph 11 of Robinson's Claim, Limitation Petitioners deny the allegations set forth therein.

12. Section III, Paragraph 12 of Robinson's Claim consists of legal conclusions to which no answer is required. To the extent that an answer is required, Limitation Petitioners deny the allegations as set forth in Section III, Paragraph 12 of Robinson's Claim.

13. As to Section III, Paragraph 13 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

14. As to Section III, Paragraph 14 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

15. As to Section III, Paragraph 15 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

16. As to Section III, Paragraphs 16 and 16a – 16dd of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

17. As to Section III, Paragraphs 17 and 17a – 17p of Robinson's Claim,

Limitation Petitioners deny the allegations as set forth therein.

18. As to Section III, Paragraph 18 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

19. As to Section III, Paragraph 19 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

20. As to Section III, Paragraph 20 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

21. As to Section III, Paragraph 21 of Robinson's Claim, Limitation Petitioners admit the allegations as set forth therein.

22. As to Section III, Paragraphs 22 and 22a – 22g of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

23. As to Section III, Paragraphs 23 and 23a – 23p of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

24. As to Section III, Paragraph 24 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

25. As to Section III, Paragraph 25 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

26. As to Section III, Paragraph 26 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

27. As to Section III, Paragraph 27 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

28. Section III, Paragraph 28 of Robinson's Claim consists of legal conclusions

to which no answer is required. To the extent that an answer is required, Limitation Petitioners deny the allegations as set forth in Section III, Paragraph 28 of Robinson's Claim.

29. As to Section III, Paragraph 29 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

30. As to Section III, Paragraph 30 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

31. As to Section III, Paragraph 31 of Robinson's Claim, Limitation Petitioners deny the allegations as set forth therein.

32. Section III, Paragraph 32 of Robinson's Claim consists of legal conclusions to which no answer is required. To the extent that an answer is required, Limitation Petitioners deny the allegations as set forth in Section III, Paragraph 32 of Robinson's Claim. A claimant within a limitation of liability suit does not have a right to a jury trial. *In re Santa Fe Cruz, Inc.,* 535 F.Supp.2d 853, fn. 2 (S.D. Texas – Brownsville 2007) *citing Lewis v. Lewis & Clark Marine*, *Inc.*, 531 U.S. 438,448 (2001).

33. Section III, unnumbered paragraphs a – k on Pages 29 – 32 of Robinson's Claim consists of Robinson's prayer to which no answer is required. To the extent that an answer is required, Limitation Petitioners deny the allegations as set forth in these paragraphs of Robinson's Claim.

**III.**

1. Limitation Petitioners specifically objects to Robinson's Claim, to the extent that Robinson seeks punitive and exemplary damages not permitted in connection

with his Jones Act and unseaworthiness claims. Punitive and exemplary damages are not recoverable in Jones Act and unseaworthiness personal injury claims. *See The Dutra Grp. V. Batterton,* 139 S. Ct. 2275, 204 L. Ed. 2d (2019); *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 384 (5th Cir. 2014).

2. For further answer, if such is necessary and without waiving the foregoing, Robinson was not injured as alleged and has not suffered the damages and/or disabilities claimed herein.

3. For further answer, if such is necessary and without waiving the foregoing, Limitation Petitioner is not liable as alleged.

4. For further answer, if such is necessary and without waiving the foregoing, Robinson alleged injuries and damages, if any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Limitation Petitioner.

5. For further answer, if such is necessary and without waiving the foregoing, Robinson's alleged injury and damages, if any, were proximately caused by Robinson's own contributory negligence/comparative fault for which Limitation Petitioner is not responsible.

6. For further answer, if such is necessary and without waiving the foregoing, Robinson failed to exercise ordinary prudence and/or reasonable care under the circumstances.

7. For further answer, if such is necessary and without waiving the foregoing, Robinson alleged injury and damages, if any, are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions

unrelated to the alleged incident herein and for which Limitation Petitioner has no legal liability.

8. For further answer, if such is necessary and without waiving the foregoing, Robinson alleged injuries and damages, if any, were proximately caused, in whole or in part by the negligence and/or breach of duty of third parties and/or by instrumentalities for which Limitation Petitioner is not legally responsible.

9. Pleading further and in the alternative, Limitation Petitioner's liability, if any, which is specifically denied, is purely passive and/or technical while the liability of others is actual and/or active, thus entitling Limitation Petitioner to contribution or indemnification from those others who were negligent or otherwise at fault.

10. Pleading further and in the alternative, Limitation Petitioner would show that the damages allegedly sustained by Robinson were caused or contributed to in whole or in part by an unavoidable accident, Act of God, and/or conditions of tide, wind, or other inevitable hazards or peril of the sea, and/or by inscrutable fault.

11. For further answer, if such is necessary and without waiving the foregoing, Robinson has not been injured and/or sustained damages to the extent alleged, and Robinson's ability to return to gainful employment has not been significantly diminished, if at all, by the alleged injury made the basis of the suit herein.

12. For further answer, if such is necessary and without waiving the foregoing, Robinson has failed to mitigate his damages, if any.

13. For further answer, if such is necessary and without waiving the foregoing, in the event of a damage award against Limitation Petitioner, Limitation Petitioner is

entitled to an offset or credit or reimbursement for any and all sums Robinson has recovered in the way of any employer-provided health insurance benefits, disability benefits, other free medical care and/or payments that Robinson has received or is entitled to receive, and or all sums Robinson has received in the way of advances and benefits paid post-accident.

14. For further answer, and/or in the alternative, all the matters pertinent herein were incurred without Limitation Petitioner's privity and knowledge and Limitation Petitioner therefore invokes the benefit of the provisions of the revised statutes the United States, 46 U.S.C. §§ 30501 *et seq.*, pertaining to limitation of liability, which serves to limit Limitation Petitioner liability to the value of the vessel in question at the conclusion of the voyage together with its freight then pending.

15. For further answer, if such is necessary and without waiving the foregoing, Limitation Petitioner did not unreasonably, arbitrarily, capriciously, willfully, or wrongfully breach a duty to provide maintenance and cure to Robinson.

16. For further answer, if such is necessary and without waiving the foregoing, Robinson's medical expenses should be limited to those actually paid or incurred on behalf of Robinson pursuant to Texas Civil Practice & Remedies Code § 41.0105.

17. For further answer, if such is necessary and without waiving the foregoing, Robinson is restricted to actual pecuniary losses and that Robinson is not entitled to recover any damages other than those specifically allowed under maritime law.

18. For further answer, if such is necessary and without waiving the foregoing, punitive and/or exemplary damages are inappropriate and unrecoverable in this case.

Limitation Petitioner answers any allegations of gross negligence and arbitrary, willful and capricious denial of maintenance and cure or punitive or exemplary damages as follows:

a. Punitive damages are not available to Robinson in this case for his negligence or unseaworthiness claims, regardless of how his claims are pleaded. *The Durtra Grp. v. Batterton,* 139 S. Ct. 2275, 204 L. Ed. 2d 692 (2019); *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 384 (5th Cir. 2014).

b. Limitation Petitioner invokes and rely upon the limitations placed upon an award of exemplary damages as set forth in Texas Civil Practice & Remedies Code § 41.008. In the unlikely event that a verdict should be rendered which would otherwise result in a judgment in excess of that allowed by Texas Civil Practice & Remedies Code § 41.008, this Honorable Court should reduce and reform the judgment such that the caps and limitations set forth in Texas Civil Practice & Remedies Code § 41.008 are not exceeded.

c. In addition to the limitations and caps set forth above, Limitation Petitioners rely upon the entirety of Texas Civil Practice and Remedies Code § 41, including but not limited to, statutory provisions set forth therein providing for the proper clear and convincing burden of proof as to alleged punitive damages, and for the appropriate definition of gross negligence to be submitted to the trier of fact.

d. Robinson's allegations of unreasonable, arbitrary, willful, and capricious denial of maintenance and cure or punitive damages, are arbitrary, unreasonable, excessive, and in violation of Limitation Petitioner's right to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution.

e. Robinson's allegations of unreasonable, arbitrary, willful, and capricious denial of maintenance and cure or punitive or exemplary damages, should be proved beyond a reasonable doubt.

f. Exemplary or punitive damages cannot be awarded against Limitation Petitioner, because in part, Limitation Petitioner will be placed twice in jeopardy for the same alleged conduct in violation of the United States and Texas constitutions.

g. Robinson's allegations of unreasonable, arbitrary, willful, and capricious denial of maintenance and cure or punitive or exemplary damages, violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment.

h. Robinson's allegations of gross negligence, unreasonable, arbitrary, willful, and capricious denial of maintenance and cure or punitive or exemplary damages against Limitation Petitioner should be determined only by Limitation Petitioner's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

i. Robinson's allegation of gross negligence, unreasonable, arbitrary, willful and capricious denial of maintenance and cure or punitive or exemplary damages must be assessed by the unanimous verdict of all twelve jurors.

j. Robinson's allegations of unreasonable, arbitrary, willful, and capricious denial of maintenance and cure or punitive damages should not be assessed, in part because Limitation Petitioner who are subject to exemplary or punitive or exemplary damages do not have the right to refuse to testify against themselves, but in fact must take the stand and/or give deposition testimony or otherwise subject themselves to the consequences of a default judgment.

k. Robinson's allegations of unreasonable, arbitrary, willful, and capricious denial of maintenance and cure or punitive or exemplary damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards and, therefore, the standard is unduly vague and does not meet the requirements of due process.

l. Limitation Petitioner is subjected to all the hazards and risks of what amounts to a fine with respects to Robinson allegations of unreasonable, arbitrary, willful, and capricious denial of maintenance and cure or punitive damages, but Limitation Petitioner receive none of the basic rights afforded to a criminal Limitation Petitioner when being subjected to possible criminal penalties.

m. There can be no award for punitive or exemplary damages because Limitation Petitioner did not arbitrarily or capriciously deny maintenance and cure.

n. There can be no award for compensatory damages for the denial of maintenance and cure because Limitation Petition did not unreasonably deny maintenance and cure.

o. Allowing the recovery of exemplary or punitive damages based on allegations of unreasonable, arbitrary, willful, and capricious denial of maintenance and cure, if any, within a cap provided under the Texas Civil Practice and Remedies Code is arbitrary, unreasonable, and excessive, and in violation of the United States and Texas Constitutions.

p. In *Exxon Shipping Company v. Baker*, 128 S. Ct. 2605, L.Ed2d 570 (2008), a maritime pollution case, the Supreme Court of the United States held that an award of exemplary and/or punitive damages must be capped and/or limited to a 1:1 or less ratio to compensatory damages. While denying that punitive damages are available to Robinson in this matter because Limitation Petitioner did not wrongfully, arbitrarily, willfully, or capriciously deny maintenance and cure, any award of exemplary and/or punitive damages that is not capped and/or limited to a 1:1 or less ratio to compensatory damages violates Limitation Petitioner's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

19. Limitation Petitioner reserves the right to file additional or amended answers, third-party complaints, counter-claims, or cross-claims such as the facts may later disclose or require.

20. To the extent Limitation Petitioner is found to be liable to Robinson, which is at all times denied, Limitation Petitioner is entitled to exoneration from such liability to Robinson and all other parties, or, in the alternative, is entitled to limit its liability to the value of the vessel and her pending freight pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*.

21. Limitation Petitioner reserves its rights to raise all affirmative defenses that may be revealed as a result of discovery and further reserves the right to adopt the affirmative defenses raised by all other parties.

**IV.**

**WHEREFORE, PREMISES CONSIDERED**, KIRBY INLAND MARINE, LP prays that Claimant Tyrone Robinson's Claim be dismissed; that Limitation Petitioner's security be deemed sufficient; and that Limitation Petitioner have such other and further relief as the Court may deem just and fair.

Respectfully submitted,

**CLARK HILL PLC**

BY:______________________________

Ross Holiday Jones
State Bar No. 00794053
SDTX No. 20440
rjones@clarkhill.com
L. Ashley Ramos
State Bar No. 24094096
SDTX No. 3761055
laramos@clarkhill.com
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
T (409) 351.3800 | F (409) 351.3883

**ATTORNEYS FOR LIMITATION PETITIONERS, KIRBY INLAND MARINE, LP AND KIRBY CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on this 19th day of October 2026, to all counsel of record via this Court's Electronic Document Filing System.

Ross Holiday Jones